# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–13–432

| | | |
|---|---|---|
| ROBERT COLEMAN | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–201–1002] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RALPH WILSON, JR., JUDGE |
| | APPELLEE | |
| | | REVOCATION AFFIRMED; MOTION TO WITHDRAW GRANTED |

## DAVID M. GLOVER, Judge

Robert Coleman pleaded guilty to terroristic threatening, a Class D felony, on January 21, 2011. He was placed on five years' supervised probation. The State filed a petition for revocation of probation on January 8, 2013. After a hearing on March 4, 2013, the circuit court revoked Coleman's probation on two specific bases. Upon revocation, Coleman was sentenced to six years in the Arkansas Department of Correction. This appeal followed.

Coleman's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit.[1] Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Coleman made by the trial court on all objections, motions, and requests made by either

---

[1]We note that while counsel still fails to cite *Anders v. California*, 386 U.S. 738 (1967), in his brief, he has cited Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, which sets forth the framework for no-merit appeals.

party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of our court furnished Coleman with a copy of his counsel's brief and notified him of his right to file pro se points; Coleman has not filed any points.

The trial court revoked Coleman's probation on two bases—failure to pay probation fees and the fact that he had not lived a law-abiding life and had violated state laws by committing the offense of first-degree terroristic threatening. A sentence of probation may be revoked when a trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Denson v. State*, 2012 Ark. App. 105. The State need only show that the defendant committed one violation to sustain a revocation. *Maxwell v. State*, 2010 Ark. App. 822. Great deference is given to the trial court in determining the preponderance of the evidence because the trial judge is in a superior position to determine the credibility of witnesses and to determine the weight to be given to their testimony. *Denson, supra.* The appellate courts will not reverse a revocation unless the decision is clearly against the preponderance of the evidence. *Denson, supra.*

Testimony was presented at the revocation hearing by Constance Brown, an employee of the Arkansas Department of Community Correction, that Coleman owed $70 in probation fees for December 2012 and January 2013. Coleman did not testify. Where the alleged violation is the failure to make payments as ordered, the State has the burden of proving by a preponderance of the evidence that the failure to pay was inexcusable; that burden does not shift from the State. *Bohlman v. State*, 2013 Ark. App. 162. But once the State has introduced evidence of nonpayment, the burden of going forward does shift to the defendant to offer

some reasonable excuse for the failure to pay. *Id.* Here, Coleman offered no explanation as to why he had not paid his probation fees for December 2012 and January 2013. Therefore, the trial court properly revoked his probation on this basis, and because the State need only show one violation to support the revocation of a defendant's probation, there is sufficient evidence to support Coleman's revocation of his probation on this basis alone.

Coleman's counsel properly discusses the second basis on which the trial court revoked Coleman's probation—the finding, by a preponderance of the evidence, that he had committed the offense of first-degree terroristic threatening. His counsel also discusses the only other adverse ruling made at the hearing, an evidentiary objection concerning the authenticity of the texts that formed the basis for the terroristic threatening. He then sets forth the reasons why neither of these adverse rulings constitute reversible error. Indeed, they cannot constitute reversible error because a separate, alternative basis for the revocation exists, and the State need only prove one violation to sustain the revocation.

From a review of the record and the brief presented to our court, Coleman's counsel has complied with the requirements of Rule 4-3(k) of the Arkansas Rules of the Supreme Court and the Court of Appeals. His counsel's motion to be relieved is granted and Coleman's revocation is affirmed.

Revocation affirmed; motion to withdraw granted.

WALMSLEY and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

No response.

3